state officials. This assurance of protection becomes a hoax if the requirement of specific intent is now to be wiped out with a presumption.

And this is no trivial matter. American criminal law heretofore has had little use for presumptions of criminality. It has required proof beyond a reasonable doubt of all matters that were elements of the crimes. Under the normal charge, which I think the *Screws* opinion contemplated, the jury would be instructed that they must, from all the evidence in the case, be satisfied beyond a reasonable doubt that the specific intent to deprive of a constitutional right was present. Under the decision in this case, they can find a defendant guilty without even considering whether the evidence would show specific intent, for the presumption of law takes the place of the evidence. The burden of proof is on the defendant to overcome the presumption and establish his innocence of intent. If this is not a dangerous and novel importation into American criminal law, I do not recognize danger when I see it.

If this decision is allowed to stand, it is a rather earlier fulfillment of the fears of those of us who dissented in *Screws* than I had anticipated. The dissenting opinion of Judge Russell below seems to me the sound view of the law. I think our duty is to grant the writ.

In not joining this dissent, MR. JUSTICE FRANKFURTER wishes to refer to his views as to the meaning of a denial of certiorari. See *Maryland* v. *Baltimore Radio Show, Inc.,* 338 U. S. 912.

No. 98, Misc. SPEARS ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied. *Isaiah H. Spears* for petitioners. *Solicitor General Perlman, Assistant Attorney General Baldridge* and *Samuel D. Slade* for the United States.